THE JOHN TWOHY.

(Circuit Court of Appeals, Third Circuit. February 10, 1919.)

No. 2401.

1. ADMIRALTY ⬤⟳117—EFFECT OF APPEAL—TRIAL DE NOVO.
   An appeal in admiralty vests the appellate court with jurisdiction to consider the case de novo.

2. ADMIRALTY ⬤⟳104—APPEAL—DISCRETION TO PERMIT WITHDRAWAL OF APPEAL.
   An appeal in admiralty by one party only vests the appellee with no right of review, which precludes the appellate court in the exercise of its discretion from permitting the withdrawal of the appeal.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in admiralty by T. M. Duche & Sons against the American Schooner John Twohy; Albert D. Cummins and Howard Compton, claimants. From the decree, claimants appeal. On motion by appellants for leave to withdraw appeal. Granted, on conditions.

For opinion below, see 243 Fed. 720.

Certiorari granted, 249 U. S. ——, 39 Sup. Ct. 386, 63 L. Ed. ——.

Howard M. Long, of Philadelphia, Pa., for appellant.

Harrington, Bigham & Englar, of New York City, and Conlen, Brinton & Acker, of Philadelphia, Pa. (William J. Conlen and J. Thurston Manning, Jr., both of Philadelphia, Pa., on the brief), for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Duche & Sons filed their libel and obtained a decree against the schooner John Twohy for some $900 for injury to part of a cargo delivered and some $1,600 for short delivery. On hearing, that court awarded the first item, but denied the second. From this decree the schooner appealed to this court. This appeal, under our case, The Canadia, 241 Fed. 234, 154 C. C. A. 153, opened the whole subject-matter for reconsideration in this court, and although the libelants had not appealed, they might, if the proofs so justified, have secured a more favorable decree. But in point of fact they did not appeal, and the schooner, before the cause has been heard in this court, has moved this court for leave to withdraw its appeal; it paying the costs of such appeal. To the grant of this motion libelants object.

[1, 2] We find no reported case involving the precise question here raised. That the schooner's appeal gave jurisdiction to this court to consider the case de novo has, as we have seen by our own decision, been held by this court. Having acquired such jurisdiction, it is equally clear that jurisdiction can only be taken away by the court's own action, and, if the appellant desires to withdraw its appeal, it can

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

only do so by the court's order. The making of such order by the court would therefore seem to be a matter of discretion on its part, unless such appeal has vested some right in the libelants, which right now precludes the exercise by this court of the power to allow a dismissal of the appeal and forces it to decide it. After due consideration, we have reached the conclusion, first, that in a case involving the facts and procedure of the present one this court should not surrender that wholesome, discretionary control a court should have over its own processes and procedure; and, second, that in the exercise of that discretionary power this motion should, under proper restriction, be allowed.

The reasons for such conclusion are, first, when the decree was entered in the court below, the libelants had a right to appeal, and thereby to have acquired the right to require the appellate court to proceed and decide the same; second, this course the libelants did not follow, and, having omitted to avail themselves of a course which would have given them a legal right to insist on having their appeal heard, they cannot now complain if this court, in the exercise of its discretionary power, declines to decree them as a legal right that which by appropriate procedure they might have made such if they had so desired; third, we feel the due administration of the admiralty will be furthered by the conclusion we have reached, for the allowance of the withdrawal of this appeal is in accord with that early principle, "Agree with thine adversary quickly, whilst thou art in the way with him," which the law later embodied in its maxim, "Interest reipublicæ ut sit finis litium."

We are all aware that under the smart of defeat quick appeals are sometimes taken, which on cooler judgment would not have been taken. Why should not there be a leeway for the exercise of that cooler judgment by a suitor? On the other hand, if it be understood that such appeal may be withdrawn, it will forewarn all parties who feel themselves aggrieved by a decree to themselves appeal if they desire to prosecute their rights. Moreover, if it were held that an appeal once taken was irrevocable, and that, even if it subsequently appeared it was mistakenly taken, it could not be withdrawn, we can conceive of cases where appeals from real injustice would not dare to be taken, because by such appeal the appellant was thereby committed to litigation beyond his power to stop.

But, while the present is a case where we have discretionary power, we feel it should be exercised only under proper conditions. This case has been pending since 1916; the final decree was entered April 16, 1918; this appeal was taken April 27, 1918, and has resulted in nearly a year's delay, but for which the libelants would have been long since paid the amount which the appellant now impliedly concedes should have been so paid.

If, therefore, the appellant presents to the clerk of this court, within 30 days after notice to his counsel of the filing of this opinion, a certificate that the sum decreed the libelants, with interest, has been paid, together with such costs as were adjudged against the schooner in the

256 F.—15

court below, and such printing cost as the respondent has incurred in preparation of this appeal, and shall also pay the costs of his appeal in this court, then the motion for the withdrawal of this appeal will be allowed; otherwise, it will be refused.